UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.:

CARLOS CUESTA,

      Plaintiff,
v.

HOLTON INVESTMENT, LLC D/B/A
APPLEWOOD GROVE SHOPPING
CENTER and APPLEWOOD
VIETNAMESE RESTAURANT, LLC
D/B/A APPLEWOOD VIETNAMESE
RESTAURANT,

      Defendants.
_____/

## COMPLAINT

Plaintiff, CARLOS CUESTA, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues HOLTON INVESTMENT, LLC D/B/A APPLEWOOD GROVE SHOPPING CENTER and APPLEWOOD VIETNAMESE RESTAURANT, LLC. D/B/A APPLEWOOD VIETNAMESE RESTAURANT (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42

U.S.C. § 12181, et seq.

4. Plaintiff, CARLOS CUESTA, is an individual over eighteen years of age, who splits his time between Florida and Colorado, and is otherwise *sui juris.* Plaintiff, CARLOS CUESTA, is a member of the Not-for-Profit Corporation, ACCESS 4 ALL INCORPORATED.

5. At all times material, Defendant, HOLTON INVESTMENT, LLC, was and is a Colorado Limited Liability Company, organized under the laws of the state of Colorado, with its principal place of business in Denver, Colorado.

6. At all times material, Defendant, HOLTON INVESTMENT, LLC, owned and operated a commercial shopping center located at 1901 Youngfield Street Golden, Colorado 80401 (hereinafter the "Commercial Property"). Defendant, HOLTON INVESTMENT, LLC, holds itself out to the public as "APPLEWOOD GROVE SHOPPING CENTER."

7. At all times material, Defendant, APPLEWOOD VIETNAMESE RESTAURANT, LLC., was and is a Colorado Limited Liability Company, organized under the laws of the state of Colorado, with its principal place of business in Denver, Colorado.

8. At all times material, Defendant, APPLEWOOD VIETNAMESE RESTAURANT, LLC., owned and operated a commercial restaurant located at 1901 Youngfield Street, Golden, Colorado 80401 (hereinafter the "Commercial Property"). Defendant, APPLEWOOD VIETNAMESE RESTAURANT, LLC., holds itself out to the public as "APPLEWOOD VIETNAMESE RESTAURANT."

9. Venue is properly located in the District of Colorado because Defendant's Commercial Property and place of public accommodation is located in Golden, Colorado, Defendants regularly conduct business within Golden, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Golden, Colorado.

FACTUAL ALLEGATIONS

10. Although nearly thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the ADA. The effective date was January 26, 1992. In spite of the abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property and the Defendant's business therein.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13. Plaintiff, CARLOS CUESTA, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff is, among other things, a hemiplegic with partial paralysis on his left side of the body. His mobility is limited and can only stand for short intervals. He also has great deal of trouble walking more than short distances. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching using the left side of his body. Plaintiff, CARLOS CUESTA, is also a member of the ACCESS 4 ALL INCORPORATED organization.

14. Defendant, HOLTON INVESTMENT, LLC, owns, operates, and oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and they own, operate, and oversee said Commercial Property located in Golden, Colorado, that is the subject of the Action.

15. Defendant, APPLEWOOD VIETNAMESE RESTAURANT, LLC., owns, operates and/or oversees the restaurant business within the Commercial Property, located in

Golden, Colorado, that is the subject of this Action.

16. The subject Commercial Property is open to the public and is located in Denver, Colorado. The individual Plaintiff visits the Commercial Property regularly, to include visits to the property on September 13, 2022 and November 22, 2022, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial property. He plans to return to the Commercial Property in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become accessible.

17. Plaintiff visited the Commercial Property and as a patron/customer. He intends to return to the Commercial Property in order to avail himself of the goods and services offered to the public at the property. Plaintiff spends much of his time in or near Denver, Colorado, in the same state as the Commercial Property, has visited the Defendant's Commercial Property for the intended purposes, and intends to return to the property within three (3) months' time of the filing of the Complaint.

18. Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

19. Plaintiff, CARLOS CUESTA, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property. The barriers to access at Defendant's Commercial Property and Defendant's business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS CUESTA, and others similarly situated.

20. Plaintiff, CARLOS CUESTA, has also been discriminated against because of the

4

Title III ADA violations in the Defendant's place of public accommodation.

21. Defendants, HOLTON INVESTMENT, LLC and APPLEWOOD VIETNAMESE RESTAURANT, LLC., own and/or operate, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants own and/or operate is the Commercial Property business located at 1901 Youngfield Street, Golden, Colorado 80216.

22. Plaintiff, CARLOS CUESTA, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property, including but not necessarily limited to the allegations listed in the Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and the business located therein, not only to avail himself of the goods and services available at the Commercial Property, but to assure himself that the Commercial Property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property without fear of discrimination.

## COUNT I - ADA VIOLATIONS
## AS TO HOLTON INVESTMENT, LLC

23. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24. Defendant, HOLTON INVESTMENT, LLC, has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

25.     Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property, including, but are not limited to, the following:

A. Parking and Exterior Accessible Route

i. Accessible spaces lack compliant aisles as there are no access aisles and do not have the required width of <60", violating the ADAAG Section 4.6 and ADAS Section 502 and preventing Plaintiff from unloading.

ii. Accessible spaces lack compliant aisles as there are no access aisles and do not have the required width of <60", violating the ADAAG Section 4.6 and ADAS Section 502 and preventing Plaintiff from unloading.

iii. Accessible spaces lack compliant aisles as there are no access aisles and do not have the required width of <60", violating the ADAAG Section 4.6 and ADAS Section 502 and preventing Plaintiff from unloading.

iv. The center parking spaces are not on the nearest, most direct accessible route, from the parking to the accessible entrances, violating the ADAAG Section 4.6 and ADAS Section 502 and preventing Plaintiff from safely accessing Applewood Grove Shopping Center without rest or assistance.

B. Entrance Access and Path of Travel

i. Accessible routes, from the parking area at Applewood Grove Shopping Center, have changes in level of >3/4", violating ADAAG Section 4.3 and 2010 ADAS Sections 402 and 403 and creating hazardous conditions for Plaintiff.

ii. Accessible routes, through the Applewood Grove Shopping Center, have changes in level of >3/4", violating ADAAG Section 4.3 and 2010 ADAS Sections 402 and 403 and creating hazardous conditions for Plaintiff.

iii. Curb ramps at Applewood Grove Shopping Center contain excessive slopes of >12.5% (>8.33%), violating ADAAG Sections 4.7 and 4.8 and 2010 ADAS Section 406 and preventing Plaintiff from safely unloading.

## COUNT II - ADA VIOLATIONS
## AS TO HOLTON INVESTMENT, LLC and
## APPLEWOOD VIETNAMESE RESTAURANT, LLC.

26. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

27. Defendants, HOLTON INVESTMENT, LLC and APPLEWOOD VIETNAMESE RESTAURANT, LLC., has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

28. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property and Defendant's business within the Commercial Property are, including, but are not limited to, the following:

A. Access to Goods and Services

    i.        The restaurant bar and dining areas have table knee and toe space is 0" high and 0" deep, violating ADAAG Section 4.32 and 2010 ADAS Section 306 and preventing use by Plaintiff.

    ii.       Interior paths and checkout aisles at Applewood Grove Shopping Center lack 36" min clear width required by the 2010 ADAS Section 304 and impeding Plaintiff.

B.  <u>Restrooms</u>

    i.        Maneuvering space is inadequate, violating 2010 ADAS Section 404 and impeding Plaintiff from entering or exiting the restroom.

    ii.       Sink knee clearance is insufficient, violating ADAAG Section 4.24 and 2010 ADAS Section 306 and preventing Plaintiff from accessing sink.

    iii.      Plaintiff unable to use mirror due to bottom-reflecting surface >40" AFF, violating the ADAAG Section 4.19 and 2010 ADAS Section 603.3.

    iv.      Plaintiff cannot safely transfer to water closet at Applewood Grove Shopping Center due to a lack of clear floor space in violation of 2010 ADAS Section 604.

    v.       Grab bars do not comply with ADAAG Section 4.26 and 2010 ADAS Sections 604 and 609 and creating a hazardous condition for Plaintiff.

    vi.      Toilet flush valve not mounted on wide side, violating the ADAAG Section 4.16 and 2010 ADAS Section 604.

## RELIEF SOUGHT AND THE BASIS

29.    The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further

requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS CUESTA, from further ingress, use, and equal enjoyment of the Defendant's Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

30.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendant's Commercial Property and the Defendant's business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

31.     Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford

9

all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

32. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

33. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

34. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

35. Pursuant to 42 U.S.C. § 12188, the Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendant operates their business, located within the Commercial Property located in Golden, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make the facility

readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiff, CARLOS CUESTA, respectfully requests that the Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: November 22, 2022

        **GARCIA-MENOCAL & PEREZ, P.L.**
        *Attorneys for Plaintiff*
        1600 Broadway, Suite 1600
        Denver, CO  80202
        Telephone: (303) 386-7208
        Facsimile: (305) 553-3031
        Primary E-Mail: ajperez@lawgmp.com
        Secondary E-Mail: dperaza@lawgmp.com
        bvirues@lawgmp.com.

By:   */s/ Anthony J. Perez*
       ANTHONY J. PEREZ